01

02

03

04

05                            UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
06                                    AT SEATTLE

07   RAMON JOHN MENCHACA,                    )
                                             )    CASE NO. C13-2190-RSM-MAT
08           Plaintiff,                      )
                                             )
09           v.                              )    REPORT AND RECOMMENDATION
                                             )    RE: SOCIAL SECURITY
10   CAROLYN W. COLVIN, Acting               )    DISABILITY APPEAL
     Commissioner of Social Security,        )
11                                           )
             Defendant.                      )
12   _____ )

13        Plaintiff Ramon Menchaca proceeds through counsel in his appeal of a final decision

14   of the Commissioner of the Social Security Administration (Commissioner).    The

15   Commissioner denied plaintiff's applications for Supplemental Security Income (SSI) after a

16   hearing before an Administrative Law Judge (ALJ).   Having considered the ALJ's decision,

17   the administrative record (AR), and all memoranda of record, the Court recommends that this

18   matter be AFFIRMED.

19                          **FACTS AND PROCEDURAL HISTORY**

20        Plaintiff was born on XXXX, 1986.[1]   He attended high school until the 9th grade and

21

22        1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule
     of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic

     REPORT AND RECOMMENDATION
     PAGE -1

01  received his General Equivalency Degree in 2010.  (AR 221, 473.)  Plaintiff has past relevant

02  work as a fast food worker and hand packer.  (AR 33.)

03      Plaintiff filed an application for SSI on April 5, 2012, alleging disability beginning

04  January 1, 2011.  (AR 21, 190-98.)  His application was denied at the initial level and on

05  reconsideration.  (AR 79-86, 90-96.)

06      On May 16, 2013, ALJ Stephanie Martz held a hearing, taking testimony from a

07  vocational expert.  (AR 41-53.)  Plaintiff's attorney was present at the hearing; however,

08  plaintiff failed to appear.  (AR 41-53.)  The ALJ found that plaintiff did not show good cause

09  for missing his hearing, and on June 13, 2013, the ALJ issued a decision finding plaintiff not

10  disabled.  (AR 18-40.)

11      Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review

12  on October 16, 2013 (AR 1-6), making the ALJ's decision the final decision of the

13  Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

14                          **JURISDICTION**

15      The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §

16  405(g).

17                           **DISCUSSION**

18      The Commissioner follows a five-step sequential evaluation process for determining

19  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it

20  must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had

21

22  Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE -2

01  not engaged in substantial gainful activity since April 5, 2012, the application date.    At step

02  two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ

03  found severe plaintiff's anxiety disorder, bipolar disorder, personality disorder, intermittent

04  explosive disorder vs. impulse control disorder, learning disorder, status post thumb fracture,

05  lumbar spondylosis, and lumbar degenerative disc disease.  Step three asks whether a

06  claimant's impairments meet or equal a listed impairment.  The ALJ found that plaintiff's

07  impairments did not meet or equal the criteria of a listed impairment.

08         If a claimant's impairments do not meet or equal a listing, the Commissioner must

09  assess residual functional capacity (RFC) and determine at step four whether the claimant

10  demonstrated an inability to perform past relevant work.  The ALJ found plaintiff had the

11  RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that he could

12  frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds.

13  Plaintiff was found able to frequently balance, stoop, kneel, crouch, and crawl, and

14  occasionally finger with his right dominant hand and that he must avoid concentrated

15  exposure to hazards.  Plaintiff was also found able to understand, remember, and carryout

16  simple routine tasks with occasional contact with coworkers and superficial, incidental

17  interaction with the general public.  With that assessment, the ALJ found plaintiff unable to

18  perform his past relevant work as a fast food worker and hand packer.

19         If a claimant demonstrates an inability to perform past relevant work or has no past

20  relevant work, the burden shifts to the Commissioner to demonstrate at step five that the

21  claimant retains the capacity to make an adjustment to work that exists in significant levels in

22  the national economy. The ALJ concluded, with the assistance of the VE, that plaintiff could

REPORT AND RECOMMENDATION
PAGE -3

01 perform other jobs existing in significant levels in the national economy, such as work as a

02 bakery worker, motel cleaner, shipping and receiving weigher, and base filler.  The ALJ,

03 therefore, concluded plaintiff was not disabled at any time from the April 5, 2012 application

04 date through the date of the decision.

05        This Court's review of the ALJ's decision is limited to whether the decision is in

06 accordance with the law and the findings supported by substantial evidence in the record as a

07 whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

08 more than a scintilla, but less than a preponderance; it means such relevant evidence as a

09 reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

10 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which

11 supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

12 F.3d 947, 954 (9th Cir. 2002).

13        Plaintiff argues the ALJ erred by failing to provide legally sufficient reasons to

14 discredit the opinion of Gordon Hale, M.D., and by failing to give legally sufficient reasons

15 for finding plaintiff's subjective testimony not credible.  As a result, plaintiff argues the ALJ

16 erred in assessing plaintiff's RFC and proffered an incomplete hypothetical to the vocational

17 expert. Dkt. 14 at 1. Plaintiff further argues that the ALJ erred in failing to find plaintiff had

18 good cause for missing his hearing.  *Id*.  He asks that the ALJ's decision be reversed and his

19 claim remanded for further proceedings.  The Commissioner argues the ALJ's decision is

20 supported by substantial evidence and based on the correct legal standards and should be

21 affirmed.

22                          Medical Opinion Evidence

REPORT AND RECOMMENDATION
PAGE -4

01    In general, more weight should be given to the opinion of a treating physician than to a

02 non-treating physician, and more weight to the opinion of an examining physician than to a

03 non-examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not

04 contradicted by another physician, a treating or examining physician's opinion may be

05 rejected only for "'clear and convincing'" reasons.  *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d

06 1391, 1396 (9th Cir. 1991)).  Where contradicted, a treating or examining physician's opinion

07 may not be rejected without "'specific and legitimate reasons' supported by substantial

08 evidence in the record for so doing."  *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499,

09 502 (9th Cir. 1983)).  The ALJ may reject physicians' opinions "by setting out a detailed and

10 thorough summary of the facts and conflicting clinical evidence, stating his interpretation

11 thereof, and making findings."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

12 *Magallanes*, 881 F.2d at 751).  Rather than merely stating her conclusions, the ALJ "must set

13 forth [her] own interpretations and explain why they, rather than the doctors', are correct."  *Id*.

14 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

15    Gordon Hale, M.D., a non examining physician, reviewed the medical record and

16 issued a medical opinion regarding plaintiff's functional limitations on September 21, 2012.

17 (AR 66-78.)  Dr. Hale opined that plaintiff would be limited to lifting twenty pounds

18 occasionally, lifting ten pounds frequently, standing and/or walking for six hours in an eight

19 hour work day, and sitting for six hours in an eight hour work day.  (AR 73.)  Dr. Hale further

20 opined plaintiff would be limited to occasional climbing of ladders, ropes, and scaffolds;

21 frequent climbing of ramps and stairs; and frequent balancing, stooping, kneeling, crouching,

22 and crawling.  (AR 73-74.)  Dr. Hale also opined that plaintiff should limit his handling and

REPORT AND RECOMMENDATION
PAGE -5

01   fingering with his right hand to occasionally.  (AR 74.)

02        The ALJ gave Dr. Hale's opinion significant weight finding it consistent with the

03   medical record and plaintiff's activities.  (AR 29.)   However, the ALJ gave only partial

04   weight to the portion of Dr. Hale's opinion related to plaintiff's ability to handle with his right

05   hand.  (AR 30).   The ALJ discredited this part of the opinion finding that it was based

06   primarily on plaintiff's subjective testimony, which was properly discredited.  *Id.*   Plaintiff

07   argues this was not a specific and legitimate reason to discredit Dr. Hale's opinion.  Dkt. 14 at

08   7.  This Court disagrees.

09        According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if

10   it is based 'to a large extent' on a claimant self-reports that have been properly discounted as

11   incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v.*

12   *Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d

13   597, 605 (9th Cir. 1989)). This situation is distinguishable from one in which the doctor

14   provides his own observations in support of his assessments and opinions. *See Ryan v.*

15   *Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not

16   provide clear and convincing reasons for rejecting an examining physician's opinion by

17   questioning the credibility of the patient's complaints where the doctor does not discredit

18   those complaints and supports his ultimate opinion with his own observations"); *see also*

19   *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).

20        Here, while Dr. Hale reviewed medical records prior to rendering his opinion, none of

21   these records contained information regarding plaintiff's thumb impairment.  The records did

22   not contain any imaging of plaintiff's thumb nor did they indicate plaintiff received treatment

01 for this condition or even discussed this impairment with his doctors.  The only information

02 available to Dr. Hale regarding this impairment came from plaintiff's own statements.  Thus,

03 Dr. Hale's opined limitations related to plaintiff's thumb impairment could only have been

04 based on plaintiff's subjective complaints.  As will be discussed later, the ALJ did not err in

05 discrediting plaintiff's testimony.  Therefore, the ALJ properly rejected Dr. Hale's opinion as

06 based in large part on plaintiff's discredited subjective complaints.  *See Tommasetti v. Astrue*,

07 533 F.3d at 1041.

08 Credibility

09 Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

10 reject a claimant's testimony.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)

11 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  *See also Vertigan v. Halter*,

12 260 F.3d 1044, 1049 (9th Cir. 2001).  "General findings are insufficient; rather, the ALJ must

13 identify what testimony is not credible and what evidence undermines the claimant's

14 complaints."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  "In weighing a claimant's

15 credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his

16 testimony or between his testimony and his conduct, his daily activities, his work record, and

17 testimony from physicians and third parties concerning the nature, severity, and effect of the

18 symptoms of which he complains."  *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir.

19 1997).

20 The ALJ in this case found that while plaintiff's medically determinable impairments

21 could reasonably be expected to cause some of the alleged symptoms, his statements

22 concerning the intensity, persistence, and limiting effects of those symptoms were not entirely

01 credible.  (AR 27.)  Contrary to plaintiff's contention, the ALJ provided a number of clear and

02 convincing reasons in support of this conclusion.

03 A.      Treatment Records Inconsistent with Alleged Symptoms

04        The ALJ first discredited plaintiff's credibility finding it inconsistent with the medical

05 records.  (AR 27, 28.)  A determination that a claimant's complaints are "inconsistent with

06 clinical observations" can satisfy the clear and convincing requirement.  *Regennitter v.*

07 *Commissioner of SSA*, 166 F.3d 1294, 1297 (9th Cir. 1998).   However, a claimant's pain

08 testimony may not be rejected "*solely* because the degree of pain alleged is not supported by

09 objective medical evidence."  *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting

10 *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.1991) (*en banc*)) (emphasis added); *see*

11 *also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001); *Fair v. Bowen*, 885 F.2d 597, 601

12 (9th Cir. 1989).  The same is true with respect to a claimant's other subjective complaints. *See*

13 *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (finding that while holding in *Bunnell*

14 was couched in terms of subjective complaints of pain, its reasoning extended to claimant's

15 non-pain complaints as well).

16        The ALJ gave several examples to show that plaintiff's subjective complaints were

17 unsupported by the medical record.  (AR 27, 28.)  The ALJ noted that the record did not show

18 plaintiff ever discussed his hand impairment with his doctors.  (AR 27).  The ALJ also noted

19 that plaintiff generally had a normal range of motion and gait, when examined.  (AR 27.).  In

20 regards to plaintiff's mental impairments, the ALJ noted that plaintiff was observed to be alert

21 and cooperative with a normal mood, attention span, and ability to concentrate.  (AR 28.)  The

22 ALJ reasonably found plaintiff's subjective complaints unsupported by the medical evidence.

REPORT AND RECOMMENDATION
PAGE -8

01   While this alone is not a sufficient reason to discount plaintiff's credibility, the ALJ did

02   provide other clear and convincing reasons. *See Orteza*, 50 F.3d at 749-50.

03   B.        Plaintiff's Activities

04        The ALJ also discredited plaintiff's credibility finding his subjective statements

05   inconsistent with his daily activities.  (AR 28.)  To determine whether a claimant's symptom

06   testimony is credible, the ALJ may consider his or her daily activities. *Smolen v. Chater*, 80

07   F.3d 1273, 1284 (9th Cir. 1996).  The Ninth Circuit has recognized "two grounds for using

08   daily activities to form the basis of an adverse credibility determination," first, they can "meet

09   the threshold for transferable work skills," second, they can "contradict his other testimony."

10   *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

11        The ALJ laid out in detail the many activities she found inconsistent with plaintiff's

12   reported disabling impairments.  The ALJ noted plaintiff's ability to take walks and sit on an

13   airplane despite his allegations of difficulty walking and difficulty sitting for prolonged

14   periods of time.  (AR 28.)  The ALJ also noted plaintiff's ability to ride a scooter, push a

15   family member on the merry-go-round, and do laundry despite his allegations of constant

16   back pain.  *Id.*  In regards to plaintiff's alleged mental impairments, the ALJ noted plaintiff's

17   ability to set reminders on his phone, prepare food, follow written instructions, and babysit on

18   a daily basis.  *Id.*  Finally, the ALJ found plaintiff's ability to ride in an airplane, go grocery

19   shopping, take public transportation, spend time at the park, and interact with friends, family,

20   and his significant other, as inconsistent with plaintiff's alleged social limitations.  *Id.*

21        The ALJ provided ample evidence to support her finding that plaintiff's activities were

22   inconsistent with the alleged severity of his symptoms.  Plaintiff, at best, argues in favor of a

01  contrary interpretation of the evidence without demonstrating the ALJ's interpretation of the

02  record was not rational.  It is not the job of the court to reweigh the evidence. If the evidence

03  "is susceptible to more than one rational interpretation," including one that supports the

04  decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v.*

05  *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan v. Comm'r of Soc. Sec. Admin.,*

06  169 F.3d. 595, 599, 601 (9th Cir. 1999)).  The ALJ's interpretation of the record was equally

07  rational to that suggested by plaintiff.  As such, the inconsistency with plaintiff's daily

08  activities was a clear and convincing reason to discredit plaintiff's credibility.

09  C.      Improvement with Treatment

10          The ALJ further discredited plaintiff's testimony regarding his mental impairment

11  because the record showed plaintiff's impairment improved while taking medication.  (AR

12  28.)  The ALJ may discount a claimant's credibility on the basis of medical improvement. *See*

13  *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tidwell v.*

14  *Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).  The ALJ cited to the record which showed plaintiff

15  reported that with his medication he had improvement in his irritability and that he was able

16  to hang out with friends more frequently.  (AR 28, 374.)  Plaintiff provides no argument

17  against the ALJ's reasoning.  The Court finds that plaintiff's improvement with medication

18  was a clear and convincing reason to discount plaintiff's credibility.  For this reason, and for

19  all of the reasons stated above, the ALJ's credibility determination should be affirmed.

20                          RFC Assessment and Vocational Hypothetical

21          Plaintiff's assignments of error relating to the RFC assessment and vocational

22  hypothetical question are premised on the argument that the ALJ failed to properly assess the

REPORT AND RECOMMENDATION

01 opinion of Dr. Hale and failed to properly assess the credibility of plaintiff's testimony.

02 Failing to establish error in these areas, plaintiff's remaining assignments of error also fail.

03                    Good Cause for Failure to Appear at Hearing

04         Plaintiff argued in his opening brief that the ALJ erred by failing to find plaintiff had

05 good cause for missing his hearing and by failing to reschedule a hearing at which plaintiff

06 could testify.  Dkt. 14 at 1.  However, as pointed out by defendant, this argument was based

07 on a misreading of the Social Security Administration's Hearings, Appeals, and Litigation

08 Law Manual (HALLEX), thus the plaintiff withdrew this assignment of error in his reply

09 brief.  Dkt. 18 at 3; Dkt. 19 at 1.  Therefore, the Court will not address this issue further.

10                              CONCLUSION

11         For the reasons set forth above, the Court recommends this matter should be

12 AFFIRMED.

13         DATED this 14th day of October, 2014.

14

15                                         Mary Alice Theiler
                                           Chief United States Magistrate Judge

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -11